UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARGARET OTTAVINO and A. OTTAVINO PROPERTY COMPANY,

Plaintiff,

-v-

INCORPORATED VILLAGE OF WESTBURY, TADEUS A. BLACH, BR MADISON, LLC, and NASSAU PROPERTY INVESTORS, LLC,

Defendants.

23-cv-01294 (NJC-AYS)

ORDER ADOPTING REPORT AND RECOMMENDATION

NUSRAT J. CHOUDHURY, District Judge:

On June 12, 2023, Plaintiffs' counsel reported that the individual Plaintiff, Margaret Ottavino, had recently passed away. On August 18, 2023, Plaintiffs filed a Motion to Substitute Party pursuant to Rule 25, Fed. R. Civ. P. ECF No. 25. Two of the defendants in this matter—Incorporated Village of Westbury and Tadeas A. Blach—filed the Declaration of Andrew M. Roth in Opposition to Plaintiffs' Motion Seeking Substitution Pursuant to Fed R. Civ. P. 25 on August 31, 2023, ECF No. 27, and Plaintiffs filed a Memorandum of Law in Support of their motion on September 1, 2023, ECF No. 28. On September 5, 2023, Magistrate Judge Shields issued a Report and Recommendation (the "R&R") recommending that that Plaintiffs' motion to substitute a party be granted. A copy of the R&R was provided to all counsel via ECF. The R&R instructed that any objections to the R&R must be submitted in writing to the Clerk of Court within fourteen (14) days, *i.e.*, by September 19, 2023. The date for filing any objections has thus expired, and no defendant has filed an objection to the R&R. For the reasons set forth below, the

Court adopts the thorough and well-reasoned R&R in its entirety, and GRANTS Plaintiff's Motion to Substitute Party.

Where there are no objections to a magistrate judge's report and recommendation, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) ("Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision") (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). Because the failure to file timely objections is not jurisdictional, however, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice'") (quoting *Thomas*, 474 U.S. at 155)).

Although Defendants have waived any objection to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review in an abundance of caution. Having conducted a review of the motion papers and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R in their entirety.

Accordingly, the Court hereby GRANTS Plaintiffs' Motion to Substitute Party.

Dated: Central Islip, New York

NOVEMBER 14, 2023

                                                   /s/ *Nusrat J. Choudhury*
                                                NUSRAT J. CHOUDHURY
                                             United States District Judge